497 A.2d 259

**COMMONWEALTH of Pennsylvania**

**v.**

**James WARRICK, Appellant.**

Superior Court of Pennsylvania.

Argued June 6, 1985.

Filed Aug. 16, 1985.

Samuel Garro, Philadelphia, for appellant.

Donna Zucker, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before WICKERSHAM, TAMILIA, and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's order denying appellant's pre-trial motion to quash the magistrate's transcript on the ground that double jeopardy prevents his prosecution for escape, 18 Pa.C.S.A. § 5121(a).[1] Appellant contends that the Double Jeopardy Clauses of the United States and Pennsylvania Constitutions bar his trial on the escape charge because (1) all of the charges stemming from his act, *i.e.*, his flight from a Municipal Courtroom after having been found guilty of possession of narcotics, were not consolidated at one trial and (2) he is being tried a second time for the same offense. We disagree and, accordingly, affirm the order of the court below.

On December 5, 1983, after having been found guilty of possession of narcotics before Municipal Court Judge Lipschutz, appellant fled the courtroom. He was captured a short time later and returned to Judge Lipschutz, who held him in contempt of court and sentenced him to six months imprisonment. Appellant appealed that finding and subse-

---

**1.** The subsection reads as follows:

> A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.

quently pled guilty on February 22, 1984 before Court of Common Pleas Judge Hirsh, who imposed the same sentence. In the meantime, the Commonwealth had charged appellant with escape, and, at a January 4, 1984 preliminary hearing, Common Pleas Judge Merriweather held him for court. On May 29 and again on September 4, 1984, following briefing by the parties, Common Pleas Judge Cain denied appellant's motion to quash. This appeal followed.

We believe that *Commonwealth v. Allen,* 506 Pa. 500, 486 A.2d 363 (1984), *aff'g in part and rev'g in part,* 322 Pa. Superior Ct. 424, 469 A.2d 1063 (1983), is dispositive of appellant's first contention. In *Allen,* our Supreme Court found that joinder of a criminal contempt charge with criminal charges was not required by either 18 Pa.C.S.A. § 110 (when prosecution barred by former prosecution for different offense) or by the "compulsory joinder rule" of *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432, *vacated and remanded,* 414 U.S. 808, 94 S.Ct. 73, 38 L.Ed.2d 44 (1973) (*Campana* I), *on remand,* 455 Pa. 622, 314 A.2d 854, *cert. denied,* 417 U.S. 969, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974) (*Campana* II). *Commonwealth v. Allen, supra* 506 Pa. at 506–07, 486 A.2d at 366–67.

Appellant's second contention is also meritless. As this Court noted in *Allen:*

> Distinguishable are cases where defendants are summarily held in contempt of court. *See United States v. Rollerson,* 308 F.Supp. 1014 (D.D.C.1970), *aff'd,* 449 F.2d 1000 (D.D.Cir.1971); *State v. Warren,* 186 N.J.Super. 35, 451 A.2d 197 (1982); *United States v. Mirra,* 220 F.Supp. 361 (S.D.N.Y.1963). In summary contempt proceedings the contemnor does not suffer the harassment of separate trials and, therefore, the policies and goals underlying the protection against double jeopardy are not offended.

322 Pa. Superior Ct. at 434 n. 11, 469 A.2d at 1068 n. 11.[2] In the instant case, because appellant was summarily held

---

2. *Allen* involved a contempt *hearing* as opposed to a summary proceeding. Even in that case our Supreme Court held that double

in contempt, we find that double jeopardy does not bar appellant's subsequent trial for escape.

Affirmed.

TAMILIA, J., files a concurring opinion.

TAMILIA, Judge, concurring:

I join in the majority's conclusion that *Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984), *aff'g in part and rev'g in part*, 322 Pa. Super. 424, 469 A.2d 1063 (1983) disposes of appellant's claim that the instant charges should have been consolidated.

Regarding appellant's second contention, I concur in the result but must respectively refrain from joining the majority in its reasoning. Rather than further complicating the law on contempt by drawing a distinction between a summary proceeding and a contempt hearing for double jeopardy purposes, I would adopt the reasoning of the lower court which held that the crimes at issue involve separate statutory elements and, consequently, require the proof of separate facts. (Slip op. at 5–8) *See Commonwealth v. Allen, supra*, 506 Pa. at 510, 486 A.2d at 368–70. *See also Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980); *Brown v. Ohio*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977); *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). As our nation's

jeopardy was not offended where the defendant was to be tried on rape, criminal trespass, and simple assault charges following a finding of contempt. *Commonwealth v. Allen*, 506 Pa. at 500, 486 A.2d at 367–70. The Court stressed that "[t]he necessity of criminal contempt as a tool for deterring abuse of the judiciary demands that a judge not be required to consider the consequences of foreclosing subsequent criminal prosecutions." *Id.*, 506 Pa. at 513, 486 A.2d at 369, *citing People v. Gray*, 69 Ill. 2d 44, 12 Ill. Dec. 886, 370 N.E.2d 797 (1977) (RYAN, J., dissenting), *cert. denied sub nom. Illinois v. Gray*, 435 U.S. 1013, 98 S.Ct. 1887, 56 L.Ed.2d 395 (1978). Although the Court failed to distinguish between summary proceedings and contempt hearings, it is clear that trial on criminal charges following a summary proceeding is less objectionable than where a defendant is first subject to a more full-blown adversarial hearing. Thus, even though the above citation from this Court's decision in *Allen* was dicta, we adopt it as the law of this Commonwealth.

highest court stated in *Ianelli v. United States,* 420 U.S. 770, 95 S.Ct. 1284, 43 L.Ed.2d 616 (1975):

> [T]he Court's application of the [Blockburger] test focuses on the statutory elements of the offense. If each requires proof of a fact that the other does not, the Blockburger test is satisfied, notwithstanding a substantial overlap in the proof offered to establish the crimes.

*Id.* at 785 n. 17, 95 S.Ct. at 1294 n. 17, 43 L.Ed.2d at 627 n. 17.

In the instant case, the crimes of contempt[1] and escape[2] involve different elements, and thus, even though the same conduct may provide the basis for both charges, appellant's prosecution for escape is not barred by his conviction for contempt. *Allen, supra.* Finally, it should be emphasized that the purpose of the contempt charge was to protect the court's dignity and to avoid any actual obstruction of the administration of justice, *Matter of Campolongo,* 495 Pa. 627, 633, 435 A.2d 581, 584 (1981); a purpose quite distinct from punishment for the crime of escape.

---

1. 42 Pa.C.S.A. § 4132 provides:

   **§ 4132. Attachment and summary punishment for contempts**

   The power of the several courts of this Commonwealth to issue attachments and to impose summary punishments for contempts of court shall be restricted to the following cases:

   (1) The official misconduct of the officers of such courts respectively.

   (2) Disobedience or neglect by officers, parties, jurors or witnesses of or to the lawful process of the court.

   (3) The misbehavior of any person in the presence of the court, thereby obstructing the administration of justice.

2. 18 Pa.C.S.A. § 5121 defines the crime of escape as follows:

   **§ 5121. Escape**

   (a) **Escape.**—A person commits an offense if he unlawfully removes himself from official detention or fails to return to official detention following temporary leave granted for a specific purpose or limited period.