554 A.2d 531

**COMMONWEALTH of Pennsylvania**

v.

**David W. EVERS, Jr., Appellant.**

Superior Court of Pennsylvania.

Submitted April 7, 1988.

Filed Jan. 25, 1989.

Reargument Denied March 10, 1989.

Brosky, J., dissented and filed an opinion.

Jeffrey W. Stover, State College, for appellant.

Merritt E. McKnight, District Attorney, Lock Haven, for Com., appellee.

Before BROSKY, MONTEMURO and JOHNSON, JJ.

MONTEMURO, Judge:

Appellant, David W. Evers, appeals the denial of his motion to quash a criminal information charging him with three (3) counts of Recklessly Endangering Another Person on grounds that the prosecution of these charges would violate his double jeopardy rights under the Fifth and

Fourteenth Amendments of the United States Constitution and Article I, Section 10 of the Pennsylvania Constitution. We affirm.

This appeal arises out of an incident that occurred on March 8, 1987 when, in an attempt to elude police, appellant allegedly drove his vehicle well in excess of the posted speed limit. Following appellant's apprehension, a criminal information was filed charging him with three (3) counts of Recklessly Endangering Another Person.[1] In addition to these charges, appellant was issued citations for various summary traffic offenses, including a charge for Reckless Driving.[2] A summary trial was conducted and appellant was convicted of the Reckless Driving charge in addition to several other summary offenses. In response to the criminal information charging appellant with three (3) counts of Recklessly Endangering Another Person, appellant filed a timely omnibus pretrial motion. Included in the appellant's pretrial motions was a motion to quash the information on grounds that prosecution of the Reckless Endangering charges after his conviction for Reckless Driving was barred by the Double Jeopardy Clause of both the United States and Pennsylvania Constitutions. The trial court refused to quash the information and this timely appeal followed.

 Concisely stated, the sole question presented in this case is whether a subsequent prosecution for Recklessly Endangering Another Person is barred by the Double Jeopardy Clause when the defendant has been convicted of the prior summary offense of Reckless Driving and the charges arise out of the same incident.[3]

1. 18 Pa.C.S.A. § 2705.

2. 75 Pa.C.S.A. § 3714.

3. Although the issue was raised at the trial level, appellant has not raised on appeal the question of whether 18 Pa.C.S.A. § 110 operates as a statutory bar to the prosecution of the reckless endangering offense after his summary conviction for reckless driving. As a result, the issue has been waived for purposes of this appeal. We note, however, that the trial court correctly concluded that the neither Section 110 nor the compulsory joinder rule apply to summary

■ Initially, we note that the denial of a pretrial motion seeking to quash an information on double jeopardy grounds constitutes an appealable order. *See Commonwealth v. Hoburn,* 335 Pa.Super. 536, 542 n. 8, 485 A.2d 24, 26 n. 8 (1984), citing *Commonwealth v. Beckman,* 304 Pa.Super. 239, 450 A.2d 660 (1982). The guarantee against double jeopardy is contained in the Fifth Amendment of the United States Constitution and is made applicable to the states through the Fourteenth Amendment. *See Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). The double jeopardy protection afforded by the United States Constitution has generally been interpreted as coextensive with the protection afforded by Article I, Section 10 of the Pennsylvania Constitution. *See Commonwealth v. Goldhammer,* 507 Pa. 236, 247–248 n. 4, 489 A.2d 1307, 1313 n. 4 (1985); *McAulay, supra* 361 Pa.Super. at 427 n. 4, 522 A.2d at 656 n. 4.

■ We find that the appellant's prosecution for three counts of Recklessly Endangering Another Person is not barred by double jeopardy. The Supreme Court of Pennsylvania has addressed the question of the application of double jeopardy protections in a case factually analogous to the present case. In *Commonwealth v. Taylor,* 513 Pa. 547, 522 A.2d 37 (1987), the appellant had entered a plea of guilty before the district justice to the offense of harassment, a summary offense. *See* 18 Pa.C.S.A. § 2709. Subsequently, he was tried before a jury and convicted of the misdemeanor offense of carrying a concealed weapon. Mr. Taylor appealed the latter judgment of sentence, arguing that Section 110 of the Crimes Code prohibits prosecution of statutory offenses where there has been an earlier prosecution for a different statutory offense arising from the same criminal episode. *See* 18 Pa.C.S.A. § 110. The Supreme Court found Taylor's situation to be "virtually indistinguishable" from that in *Commonwealth v. Beatty,* 500 Pa. 284, 455 A.2d 1194 (1983), stating:

convictions under the Motor Vehicle Code. *See Commonwealth v. McAulay,* 361 Pa.Super. 419, 426, 522 A.2d 652, 656 (1987).

In *Beatty*, the defendant, following a vehicle collision, broke the jaw of the other driver and left the scene without identifying himself as required by the Motor Vehicle Code. 75 Pa.C.S.A. § 3743. Later the state police charged him with aggravated assault, 18 Pa. C.S.A. § 2702, and he pled guilty before a district justice, to the summary offense of failure to give information. 75 Pa.C. S.A. §§ 3744, 3743(b). He subsequently moved for dismissal of the charge of aggravated assault in a pretrial motion and the court granted his motion. The Commonwealth appealed to Superior Court. That court reversed the court of common pleas and we affirmed, stating:

> ... [T]he stipulated facts that (1) the charges arose from the same incident and (2) the prosecution knew of both violations at the commencement of the first proceeding satisfies only a portion of subsection (ii). We may not ignore the clause of that subsection which provides "and was in the jurisdiction of a single court ..." The charge of leaving the scene of an accident without providing proper identification under the Motor Vehicle Code in this Commonwealth is a matter within the original jurisdiction of the district justice. (Citation omitted).

*Id.*, 500 Pa. at 290, 455 A.2d at 1197–1198 (citations omitted). The [Beatty] Court went on to say:

> Our interpretation of Section 110(1)(ii) as excluding traffic violations under the Motor Vehicle Code is further bolstered by a consideration of the purposes sought to be achieved by the legislative enactment as well as promulgation of the compulsory joinder rule. The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of government harassment of a defendant that would offend double jeopardy concerns. Additionally, judicial economy is not served by requiring our Courts of Common Pleas to dispose of these matters which are regularly entrusted to the district justice for disposition. It is fundamental that a

rule of law should not be applied where its application fails to serve the purposes for which it was designed....

*Taylor, supra* 513 Pa. at 552–553, 522 A.2d at 39–40 (citations omitted). Reiterating that double jeopardy concerns do not arise where a misdemeanor prosecution is preceded by a summary conviction, the *Taylor* Court recognized that "[b]y allowing the district justice to dispose of the summary offense the defendant was no worse off than he would have been had the charge been bound over and joined with the greater offense." *Id.*, 513 Pa. at 553, 522 A.2d at 40. This is a clear statement by our supreme court that, under the circumstances of the *Taylor* case, the policy that the state should not "make repeated attempts to convict an individual, thereby exposing him to continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence" by submitting a defendant to multiple prosecutions for the same offense, is simply not implicated. *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). The *Taylor* Court also declared that "[i]n addition, the disposition of the summary offense by the district justice has the advantage of narrowing the issues for the common pleas court, and furthers the interests of judicial economy." *Id.* (citation omitted).

We of course recognize, as the dissent in the present case has chosen to explain at length, that the holding of the supreme court in *Taylor* rests upon an interpretation of 18 Pa.C.S. § 110(1)(ii). We are unwilling to believe, however, that the other statements made by our supreme court in the context of the *Taylor* decision, which do not specifically involve Section 110(1)(ii), are mere surplusage. Our supreme court in *Taylor*, and earlier in *Beatty*, expressly considered and addressed constitutional double jeopardy protections. Consequently, we have followed the guidance of the Pennsylvania Supreme Court in reaching our holding in the case at bar.

In addition to *Taylor* and *Beatty*, which we believe we are bound to read for their clear meaning and to apply accordingly, we are guided by the decisions of this Court. In *Commonwealth v. Buechele*, 298 Pa.Super. 418, 444 A.2d 1246 (1982), we held that a payment of a fine for the summary offense of hit and run did not bar prosecution for drunk driving arising from the same criminal episode. The appellant in *Buechele* argued that prosecution for the drunk driving offense was barred "... by the constitutional doctrine of double jeopardy, by the rule of *Campana*, and by Section 110 of the Crimes Code ..." *Id.*, 298 Pa.Superior Ct. at 421, 444 A.2d at 1246 (1982). This Court flatly rejected appellant's contentions, stating "[o]ur case and our statutory law will not be construed to permit such a mockery of the criminal justice system." *Id.*, 298 Pa.Superior Ct. at 422, 444 A.2d at 1248. Finding no violation of statutory law, the *Buechele* Court concluded its opinion with the following:

Lastly, we reiterate that the purpose of the double jeopardy doctrine and of the rule of *Campana* is to avoid harassment of a defendant by the government. Issuance by a district magistrate of a citation for a summary offense violating the Vehicle Code is not a prosecution or a trial which causes the anxiety and strain to a defendant, or which can be viewed as harassment by the government, such as is prohibited by our system of justice.

*Id.*, 298 Pa.Superior Ct. at 427, 444 A.2d at 1250 (footnote omitted).

Likewise, in *Commonwealth v. Warrick*, 344 Pa.Super. 611, 497 A.2d 259 (1985), this Court held that double jeopardy did not bar trial on an escape charge where the appellant had been *summarily* held in contempt of court based upon the same incident. The majority in *Warrick* stated the following by way of a footnote:

*Allen* [*Commonwealth v. Allen*, 506 Pa. 500, 486 A.2d 363 (1984), *aff'g in part and rev'g in part*, 322 Pa.Super. 424, 469 A.2d 1063 (1983)] involved a contempt *hearing* as opposed to a summary proceeding. Even in that case

our Supreme Court held that double jeopardy was not offended where the defendant was to be tried on rape, criminal trespass, and simple assault charges following a finding of contempt. . . . Although the [Supreme] Court failed to distinguish between summary proceedings and contempt hearings, it is clear that trial on criminal charges following a summary proceeding is less objectionable than where a defendant is first subject to a more full-blown adversarial hearing . . .

*Id.*, 344 Pa.Superior Ct. at 613–614 n. 2, 497 A.2d at 260 n. 2.

■ In this Commonwealth, the constitutional protections of the double jeopardy clause are not implicated where a felony or misdemeanor prosecution is preceded by a conviction before a district justice, whether by summary trial or guilty plea, for a summary offense.[4] It is axiomatic that States may provide their residents with *greater* double jeopardy protection than that mandated by the Federal Constitution, as interpreted by the decisions of the United States Supreme Court. In this case, we have not chosen to do so. Accordingly, our decision in the instant case is to

**4.** We recognize that this Court has not uniformly interpreted this area of the law. *See Commonwealth v. Hoburn,* 335 Pa.Super. 536, 485 A.2d 24 (1984) (double jeopardy applies to summary traffic offenses). *Accord Commonwealth v. Johnson,* 319 Pa.Super. 463, 466 A.2d 636 (1983). However, these decisions rely upon *Borough of West Chester v. Lal,* 493 Pa. 387, 426 A.2d 603 (1981), in order to interpret the scope of the constitutional protection against double jeopardy. A close examination of *Lal* reveals that the Supreme Court in that decision was addressing a distinguishable procedural context. Proceedings had been commenced against the defendant Lal by a private criminal complaint charging violations of various municipal ordinances which were criminal in nature. In a summary hearing before a district justice, appellant was found guilty. However, a *de novo* hearing in the court of common pleas resulted in a judgment of acquittal. The Supreme Court held that principles of double jeopardy barred the appeal from the de novo hearing. The *Lal* decision does not support the proposition for which it was cited in *Hoburn* and in *Johnson* but, instead, addresses double jeopardy protection on the appellate level; namely, the well established principle that the prosecution is barred from seeking an appeal from a verdict of "not guilty" entered by the trial court in a criminal proceeding. *See Commonwealth v. Ray,* 448 Pa. 307, 311, 292 A.2d 410, 411 (1972).

affirm the order of the trial court.[5]

ORDER AFFIRMED.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge dissenting:

Upon considerable review of the majority opinion I find their conclusion that: "[I]n this Commonwealth, the consti-

5. We are firmly convinced that our holding in the instant case does not conflict with any holding of the United States Supreme Court concerning the constitutional protection against double jeopardy. We have reached this conclusion only after an exhausting review of United States Supreme Court precedent. The dissent has cited four cases which are advanced as support for the view that double jeopardy protections must attach to convictions for summary offenses. This contention is simply erroneous. The cases of *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970) and *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), recognize that a state and a municipality may not be treated as separate sovereignties for double jeopardy purposes. The Supreme Court's opinion in *Thigpen v. Roberts*, 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), does not address the issue of the constitutional protection against double jeopardy, but relies solely upon *Blackledge v. Perry*, 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974), wherein it was decided that the protections accorded by the Due Process Clause were violated. Not only the facts of the instant case, but also the constitutional guarantee at issue, readily distinguish the case at bar from *Thigpen*. Finally, in *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), Vitale was charged with two counts of involuntary manslaughter by the Circuit Court of Cook County. Vitale had already been convicted by the Circuit Court of Cook County for failing to reduce speed. In this previous proceeding, Vitale had waived a *jury* trial. It is quite clear that the circumstances of the instant case are not analogous to those circumstances which faced the *Vitale* Court. In this Commonwealth, a summary criminal proceeding does not involve the right to a jury trial. It was certainly the fact that our summary criminal proceedings are not full-blown adversarial trials, which prompted the Pennsylvania Supreme Court in *Beatty, supra,* to opine that "the disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns." *Id.* 500 Pa. at 290–291, 455 A.2d at 1198. Perhaps it is to state the obvious that without a more complete adversarial criminal proceeding, the state does not have the same ability to subject the criminal defendant to "... continued embarrassment, anxiety, and expense, while increasing the risk of an erroneous conviction or an impermissibly enhanced sentence." *Ohio v. Johnson*, 467 U.S. 493, 498, 104 S.Ct. 2536, 2540, 81 L.Ed.2d 425 (1984). These, of course, are the very evils which the

tutional protections of the double jeopardy clause are not implicated where a felony or misdemeanor prosecution is preceded by a conviction before a district justice, whether by summary trial or guilty plea, for a summary offense." constitutes a misguided deduction from and analysis of, relevant case law which I cannot support with my joinder. Consequently, I dissent.

The majority's arrival at the above stated conclusion is not startling or even difficult to understand in light of the general state of confusion in the area of double jeopardy law and the related, but not identical, areas of compulsory joinder/section 110 and merger law, but is perhaps symptomatic of a general failure to recognize fine but often critical distinctions between these areas of law and of the cases discussing them. The majority's choice of words above is curious and tips off a similar failure to make important distinctions in case law and to distinguish between what is and what is not controlling authority. The majority opens the sentence quoted above with the words "in this Commonwealth, the constitutional protections of the double jeopardy clause are not implicated ..." creating a logical suggestion, I believe, that somehow residents of Pennsylvania, under our law, are afforded different double jeopardy protections than are residents of the other 49 states in this country.

It is fundamental constitutional law that federal constitutional protections apply equally to citizens and residents of all states and also that, although the states are free to construe similar state constitutional provisions to afford greater rights than the federal counterpart, the states cannot construe similar state provisions in a more restrictive fashion than the federal counterpart. It is equally fundamental that the ultimate authority on federal constitutional law is the United States Supreme Court, thus, our Supreme Court, and by implication, of course, this court, must play a subserviant role to the United States Supreme Court in construing double jeopardy protection.

Double Jeopardy Clause prevents when it prohibits multiple prosecutions for the same criminal offense.

The focus on double jeopardy protections is itself quite significant because appellant challenges the contemplated prosecution here on Fifth Amendment double jeopardy grounds, not upon section 110 or *Campana* compulsory joinder grounds. Thus, the resolution of this case must rest squarely upon a determination of constitutional double jeopardy law. In this regard this case differs from both *Beatty* and *Taylor*, which were decided expressly on the basis of section 110 and the compulsory joinder rule, and, I submit, the majority's reliance upon these cases is misplaced.

Appellant has made a double jeopardy challenge in the present case. His theory is that, within the scope of double jeopardy law, the contemplated prosecution for aggravated assault is a second prosecution for the "same offense", the first prosecution taking place when he was prosecuted for reckless driving, both charges being based upon the very same act of reckless driving. The majority contends, apparently, that a prosecution in Common Pleas following appellant's conviction of the summary traffic offense either cannot or does not constitute a violation of the double jeopardy clause. However, the cases they cite do not make or support this holding.

It is important to note, as did a panel of this court in *Commonwealth v. Johnson*, 319 Pa.Super. 463, 466 A.2d 636 (1983), that although section 110, the *Campana* compulsory joinder rule and the double jeopardy clause often overlap, they are neither identical in scope or in origination of authority. We stated in *Johnson:*

> But the disposition of the section 110 issue does not automatically determine appellant's double jeopardy question. While in many respects section 110 and the double jeopardy clause serve the same ends, nevertheless, the two provisions are not one and the same. In the first instance, the double jeopardy clause is, of course, a constitutional right; by contrast, section 110 is merely statutory....
>
> Secondly, while the double jeopardy clause and section 110 at times may, as in the instant matter, overlap in

their application, this is not true in all situations. The double jeopardy clause prevents subsequent trials by the same sovereign for the *same act* whether the initial trial resulted in an acquittal or a conviction. *North Carolina v. Pearce*, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); *Office of Disciplinary Counsel v. Campbell*, 463 Pa. 472, 345 A.2d 616 (1975). Section 110, on the other hand, requires that, when certain other requirements are met, all of the charged offenses "based on the same conduct or arising from the same criminal episode" be tried at the same time or be barred. Section 110, unlike the double jeopardy clause, is not limited to prosecutions for the same act. Indeed, as far as Pennsylvania statutory law is concerned, section 109 of Title 18 more properly governs prosecutions for the same act. In sum, appellant's double jeopardy issue must still be decided.

Ironically, where applicable, section 110 and the compulsory joinder rule, as is evidenced in the quoted material above, offer greater protection to the accused than does the double jeopardy clause. Thus, section 110 may require joinder in a single trial offenses which would not under the double jeopardy clause. The flip side of this is those rules, being a rule or statute of Pennsylvania authority, are subject to the creation of exceptions and limitations of either judicial or legislative design by Pennsylvania courts and legislature. The vitality of the double jeopardy clause, being one of the Bill of Rights of the federal constitution is not as fragile. Neither the Pennsylvania courts nor the Pennsylvania legislature is empowered to restrict the scope of this constitutional protection and a decision construing or holding that the Pennsylvania originated protections of section 110 and the compulsory joinder rule, do not apply to a certain set of circumstances, by itself, in no way affects the applicability of constitutional protections to the same set of circumstances. I believe the majority has failed to recognize this fact and that this failure has led to an overbroad reading of the *Beatty* and *Taylor* decision.

In *Commonwealth v. Beatty*, 500 Pa. 284, 455 A.2d 1194 (1983), our Supreme Court considered a case where a man involved in a traffic accident struck the other man involved, in an ensuing confrontation, with his fist, breaking his jaw, and then left the scene of the accident. Appellant was subsequently charged with the crimes of aggravated assault and failure to identify oneself at the scene of an accident, a summary offense. Appellant waived a preliminary hearing and was bound over to court. Prior to trial he pled guilty to the summary offense. Subsequently, he filed an omnibus motion seeking dismissal of the aggravated assault charge which was granted. A panel of this court reversed indicating that neither the *Campana* cases nor section 110 barred the prosecution for aggravated assault. The Supreme Court affirmed and stated its conclusion or holding:

> We therefore conclude that neither section 110(1)(ii) nor our compulsory joinder rule requires the barring of the prosecution of the aggravated assault charge in the instant case.

Note that the Court does not make any holding regarding constitutional double jeopardy law. Perhaps not coincidentally, there is no indication in the opinion that appellant had ever raised such a claim of double jeopardy. Quite possibly double jeopardy was not raised by the appellant in *Beatty* because under no recognized law would we have had a valid claim of double jeopardy.

First and foremost to a double jeopardy claim under the facts of *Beatty* would be at least a plausible assertion that appellant was being prosecuted a second time for the "same offense." Although, within the scope of double jeopardy law, the determination of just what constitutes the "same offense" is not a simple one, (no less an authority than Justice, now Chief Justice, Rehnquist has stated, "the scope of each of these three protections [double jeopardy protections] turns upon the meaning of the words 'same offense,' a phrase deceptively simple in appearance but virtually

kaleidoscopic in application."),[1] it does not appear that the offenses in *Beatty* could plausibly be considered the same under any theory but a same transaction theory. Such a theory would require all offenses committed in a single criminal transaction to be gained in a single adjudication. Conveniently, this same transaction theory is utilized in both the *Campana* compulsory joinder rule and section 110, but has not gained favor in constitutional double jeopardy cases. This could explain why only the so-called compulsory joinder rule and section 110 were at issue in *Beatty*. Regardless of the reason why constitutional double jeopardy was not at issue in *Beatty* the clear holding of the case, both in expression and upon the facts, was to exclude traffic violations from the scope of section 110 and the compulsory joinder rule. A holding which was reasserted in *Commonwealth v. Breitegan*, 500 Pa. 384, 456 A.2d 1340 (1983). Despite the fact that the constitutional double jeopardy clause was not at issue in *Beatty* and that the express conclusion and holding of the Court is silent on that issue, the majority seizes upon an isolated comment in *Beatty*, as reiterated in *Taylor*, regarding double jeopardy concerns to conclude that the protections of the double jeopardy clause are not applicable or implicated when a summary conviction is followed by a prosecution in Common Pleas. The Court states in *Beatty:*

> The disposition of a summary offense in a traffic matter prior to the trial of a misdemeanor or felony does not present the type of governmental harassment of a defendant that would offend double jeopardy concerns.

Although the expression appears broad when read by itself, when read in context it is not immediately apparent how far the statement should be taken or was meant to be taken.

Immediately prior to this statement, and in the next paragraph, the Court addresses section 110 and the compulsory joinder rule. The sentence immediately preceding the subject statement discusses the purposes sought to be

---

**1.** Dissenting Opinion, *Whalen v. United States,* 445 U.S. 684, 100 S.Ct. 1432, 63 L.Ed.2d 715 (1980).

achieved by the legislative enactment as well as the promulgation of the compulsory joinder rule. Is the statement to be read in relation only to those particular rules and their purposes or is it to be read to encompass constitutional provisions and protections, which had not been raised nor specifically addressed elsewhere in the opinion, as the majority seemingly believes? Was the statement made to express the thinking by the Court relative to that particular case and issue, or was it meant to be a very broad expression designed to cover all relatively similar cases, including those where constitutional protections are asserted. And if meant to be a broad controlling principle governing Fifth Amendment double jeopardy protections was it meant to conflict with United States Supreme Court decision which seemingly support the theory that such summary type convictions can prevent subsequent prosecution in courts equivalent to our Common Pleas Courts?

It is a fundamental principle of law and appellate decision making that "statements of rules of law must be considered as those applicable to the particular facts of that case, and all other legal conclusions stated therein regarded as mere 'obiter dicta' and not of binding authority." Standard Pennsylvania Practice § 2:126. In accord, *Hunsperger v. Bender*, 407 Pa. 185, 180 A.2d 4 (1962), *Mt. Lebanon v. County Bd. of Elections*, 470 Pa. 317, 368 A.2d 648 (1977). It has also been stated that: "general expressions in an opinion must be considered in the light of and cannot be disssevered from the facts of that case; . . ." *In re Trust Estate of Pew*, 411 Pa. 96, 109, 191 A.2d 399, 404 (1963). Our Supreme Court has also stated "[t]his Court has consistently held that we should not decide a constitutional question unless absolutely required to do so." *Mt. Lebanon v. County Bd. of Elections*, supra, 368 A.2d at 650.

When analyzed under the above authority it is clear that the majority's reliance upon *Beatty* and *Taylor*, which essentially reiterates *Beatty*, to control the constitutional issues asserted here is unfounded. As expressed earlier, the holding of *Beatty* regarded only section 110 and the

compulsory joinder rule. It did not address either federal or state constitutional protections. The *Taylor* holding, similar to *Beatty*, is directed to and regards only section 110. The Court states there,

The single issue presented by the Commonwealth is whether the Superior Court properly applied Section 110 of the Crimes Code to the facts and proceedings in the case.

522 A.2d at 38. The Court concludes their opinion stating:

Therefore, we conclude that since the harassment charge, as a summary offense, was in the jurisdiction of the district justice, conviction or a plea of guilty to that charge in summary proceeding did not bar the subsequent trial of the weapons offense.

The Court refers in this paragraph to subsection of section 110 which they found controlling; there is no mention of constitutional double jeopardy protection. Consequently, under the above authority, expressions going beyond the holding of the case are dicta and do not constitute the decision of the court or valid authority. The holding in *Beatty* is that section 110 and the compulsory joinder rule will not bar further prosecution after a summary traffic conviction, the holding is no more nor no less than that. The holding in *Taylor* is that section 110 was improperly applied to the facts of that case, specifically in that the harassment charge only was within the jurisdiction of the district justice. The holding in *Taylor* particularly must be read strictly to the facts of the case lest it be read to exclude § 110 from barring prosecution after conviction of any summary offenses. If such is the holding it would constitute, in effect, a reversal of the *Campana* decisions itself, which found summary convictions a bar to subsequent prosecution in Common Pleas under the so-called joinder rule. The Court gave no indication of such intent in *Taylor*.

The majority's reliance upon dictum is further unwarranted, I believe, because the other principles cited above also militate against reading the statement as broadly as does

the majority. The principle cited above indicates that general expressions must be read in light of the facts of the case. Neither *Beatty* nor *Taylor* present facts which would represent a violation of constitutional double jeopardy protections. As already discussed, the charges Beatty faced could not, under any recognized constitutional law, constitute a second prosecution for the "same offense." Furthermore, pleading guilty to one of several pending charges will not bar prosecution on the other charges. *Ohio v. Johnson,* 467 U.S. 493, 104 S.Ct. 2536, 81 L.Ed.2d 425 (1984). Consequently, the double jeopardy clause would not bar a subsequent prosecution and, of course, the Pennsylvania courts are free to create exceptions to, or construe their own statutes and joinder rules in any manner they deem appropriate *to the extent they do not infringe constitutional rights.* Under the circumstances present in *Beatty* the Court was quite correct in indicating such disposition of the summary traffic offense did not constitute the type of governmental harassment which would offend double jeopardy concerns.

In *Taylor,* the defendant was charged with two non-summary charges and during a preliminary hearing, which is granted of right, was allowed to plead guilty to a lesser included summary offense of one of the charges. There was only one prosecution, not two. Appellant simply pled guilty to one charge during the pendency of the prosecution. Again the court was quite correct in indicating that such a disposition was not of a type which would offend double jeopardy concerns. Read in the context of the facts of *Beatty* and *Taylor,* as the principle cited above indicates it should be, the Court's statement of double jeopardy concerns is quite correct. However, it should not be read so broadly as to apply to all other cases and to control constitutional questions which were not even addressed in the˙ opinion or raised by the parties or presented by the facts of the case.

The third principle cited above is that the Courts should refrain from deciding constitutional issues unless absolutely

necessary. It would follow logically from this, I believe, that dictum should not be read to decide constitutional issues where they were neither addressed nor applicable to the case in question. Furthermore, the Court's reference to double jeopardy concerns, particularly in light of the above principle, could just as likely been a reference to so-called statutory double jeopardy protections. To the extent section 110 and the compulsory joinder rule provide similar protections to the double jeopardy clause they have generally become thought of as statutory equivalents. In fact, the term statutory double jeopardy was utilized in *Commonwealth v. Vincent*, 345 Pa.Super. 173, 497 A.2d 1360 (1985). Consequently, it is possible the statement regarding double jeopardy concerns did not even reflect contemplation, by our Supreme Court, of Fifth Amendment double jeopardy protections.

I also find the majority's reliance on dictum to control this case legally unsound because in doing so they have ignored several decisions of this court where it has been expressly stated that, under double jeopardy, a summary traffic conviction can bar subsequent prosecutions, or otherwise is within Fifth Amendment double jeopardy protections. These cases include *Commonwealth v. McAulay*, 361 Pa. Super. 419, 522 A.2d 652 (1987), *Commonwealth v. Hoburn*, 335 Pa.Super. 536, 485 A.2d 24 (1984), *Commonwealth v. Johnson*, 319 Pa.Super. 463, 466 A.2d 636 (1983), and *In Interest of R.R.*, 317 Pa.Super. 334, 464 A.2d 348 (1983), and clearly recognize the applicability of the double jeopardy clause to traffic convictions.

The majority attempts to discount the validity of these decisions by indicating their reliance, at least in part, upon *Borough of West Chester v. Lal*, 493 Pa. 387, 426 A.2d 603 (1981), is misplaced as it "does not support the proposition for which it is cited." However, the *Lal* decision cannot be discounted that easily. It is true that factually *Lal* involved a different double jeopardy protection than the one at issue here. Namely, that one is protected from further trial proceedings after an acquittal. Thus, as stated by our

Supreme Court, "a verdict of acquittal cannot be reversed without placing the defendant twice in jeopardy in violation of the constitutional proscriptions." Id., 426 A.2d at 605. This protection accrues even when the acquittal is by operation of the granting of a demurrer and even if the demurrer is erroneously granted. *Smalis v. Pennsylvania*, 476 U.S. 140, 106 S.Ct. 1745, 90 L.Ed.2d 116 (1986).

However, the double jeopardy protection recognized in *Lal* is simply one of the various protections emanating from the double jeopardy clause. There are several others including protection from a retrial after the granting of a mistrial if not manifestly necessary to grant the mistrial, protection from imposition of multiple punishment for the "same offense" and the one asserted here, the protection from multiple prosecution for the "same offense." The fact of significance is that *Lal* recognized that the disposition of the summary offense was a criminal proceeding and brought rise to the constitutional protection of the double jeopardy clause. There is no suggestion in *Lal* that the other protections of the clause are somehow inapplicable to a summary criminal proceeding and disposition and the majority offers neither a reason why they should not or authority suggesting that it is proper to recognize that some but not all of the protections will apply to a certain class of criminal adjudication. Furthermore, the majority offers no reason why traffic summary offenses would be treated differently than the one considered in *Lal*. I suggest there is no such authority available and I further suggest that the panel members were within proper bounds of judicial construction and interpretation in utilizing the *Lal* decision to support their holdings in *Hoburn* and *Johnson*.

In contrast, the elevation of the dictum in *Beatty* and *Taylor* to the status of controlling precedential authority by the majority to circumvent or distinguish the holdings of the Superior Court contravenes the various principles outlined above and is nothing less than dangerous jurispru-

dence which can work only to further confuse an already relatively confused area of law.

I further believe the majority's conclusion conflicts with holdings of the United States Supreme Court, which, of course, constitute the highest controlling authority available. The cases of *Waller v. Florida*, 397 U.S. 387, 90 S.Ct. 1184, 25 L.Ed.2d 435 (1970), and *Robinson v. Neil*, 409 U.S. 505, 93 S.Ct. 876, 35 L.Ed.2d 29 (1973), I believe, tend to refute the majority's assertion that constitutional double jeopardy protections do not attach the convictions for summary offenses. Both of these cases involved convictions for municipal ordinances in a judicial scheme similar to ours in Pennsylvania. There was no right to jury trial in the municipal court and the possible penalty was relatively slight in relation to the potential penalty for more serious offenses adjudicated in the regular criminal forum. In fact, in *Robinson*, the penalty involved was a $50 fine. As such those offenses were similar in character to our summary offenses. In both cases, the conviction for the municipal ordinance was followed by prosecution for a more seriously graded offense by the State in the appropriate criminal adjudication forum and was based upon the same criminal act as the municipal charge. In Florida there was long standing precedent that one could be prosecuted for violation of a municipal ordinance without prejudice to the State to seek prosecution for the same act, regardless of whether the defendant had been convicted or acquitted in municipal court. The United States Supreme Court invalidated this precedent indicating to the extent the second prosecution constituted a prosecution for the "same offense" as the one prosecuted in municipal court the double jeopardy clause is violated.[2]

**2.** The majority argues that these cases were erroneously cited in support of the proposition that appellant's conviction for reckless driving raises double jeopardy protections. They state that these cases indicate that a municipality and a state may not be treated as separate sovereignties for double jeopardy purposes. These cases do in fact make that holding and address that issue, but the emphasis on that aspect of the case is explained primarily by the fact that this was the argument advanced by the states to support the practice of successive

More directly on point is the case of *Illinois v. Vitale*, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980). In that case, Vitale struck two children with an automobile resulting in the death of both. Vitale was issued a traffic citation for failing to reduce speed to avoid an accident. He pled not guilty and in a non-jury trial was convicted and sentenced to pay a *$15 fine*. He was subsequently charged with two counts of involuntary manslaughter. Upon his double jeopardy challenge the manslaughter prosecution was ultimately found barred by the Illinois Supreme Court because the lesser offense, for which he already stood convicted, required no proof beyond that which was necessary for conviction of the manslaughter charge. The United States Supreme Court, while devoting most of their opinion to an analysis of whether, within the scope of the double jeopardy protection, Vitale would be subjected to a second prosecution for the same offense, indicated that a valid claim of double jeopardy could rest upon that traffic conviction, particularly where the State in proving the manslaughter charge would find it necessary to prove the failure to reduce speed for which Vitale had already been convicted.[3]

prosecution by municipality and state. The Court indicated just as clearly in these cases that, to the extent the appellant was being prosecuted by the state for the "same offense" that he was prosecuted for in municipal court—within the meaning of double jeopardy law—the second prosecution would violate the double jeopardy clause; thus implicitly concluding that the municipal prosecution constituted a prosecution for double jeopardy purposes. This is relevant because the municipal prosecution in those cases is similar to summary prosecution in Pennsylvania. The fact that the Supreme Court recognized that these prosecutions in municipal court raised double jeopardy issues is very significant and clearly lends support to the position made in this dissenting opinion.

3. The majority similarly believes the citation of *Vitale* is erroneous to support the thesis of this dissent because, apparently, in Illinois an individual accused of traffic violations has a right to choose whether a jury or a judge will determine his guilt or innocence. The only apparent difference between the prosecution of traffic violations in Illinois and Pennsylvania is that in Illinois an accused individual has a right to choose a jury as a fact-finding body where in Pennsylvania the accused does not. The majority suggests then, in effect, that because the Pennsylvania legislature has not chosen to extend a right to jury trial to traffic violations—something which is not constitution-

I believe the case of *Thigpen v. Roberts,* 468 U.S. 27, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984), also supports this position. The *Thigpen* case, similar to *Vitale,* involved a situation

ally required—a conviction of such a violation leaves a Pennsylvania resident open to succesive prosecutions at the prosecutor's whim without the protection of the double jeopardy clause while Illinois residents are cloaked with that protection after a conviction for the same or similar offense even if, as did Vitale, they choose not to exercise their right to such a jury trial. The majority fails to show why a traffic prosecution or conviction in Illinois is so different than in Pennsylvania so as to require the extension of double jeopardy protections in Illinois but justifying the denial of such protections in Pennsylvania.

The right to jury trial for traffic citations in Illinois certainly does not indicate that the potential penalty in that state is substantially greater than in Pennsylvania. Vitale was convicted of a provision that allowed no more than a 30 day jail sentence and in fact was sentenced to only a $15 fine. Summary offenses in Pennsylvania are described as those allowing a 90 day or less jail sentence, 18 Pa.C.S.A. § 106, and many are accompanied with fines of several hundreds of dollars. Nor does the majority indicate how the nature of the proceeding will be changed so substantially by the ability of the accused to elect a jury as a fact-finding body rather than a judge or district justice. The majority appears to contend that since summary prosecutions in Pennsylvania are not full-blown adversarial proceedings they do not implicate double jeopardy protections. But in response to this assertion one must question whether trials for failure to reduce speed in Illinois are substantially longer and more involved than trials in Pennsylvania for reckless driving so that they constitute full-blown advesarial trials which cannot be repeated without offending the principles of the double jeopardy clause? And if so, is this true even where, as did Vitale, the jury trial is waived? And does the ability of an Illinois resident to choose a jury trial when accused of traffic violations somehow allow Illinois prosecutors to subject Illinois residents to greater embarrassment, anxiety and expense so that they must be extended double jeopardy protections while Pennsylvania residents are free from such risk of embarrassment, anxiety and expense simply because they do not have to make that decision as to a fact-finding body.

The *Vitale* opinion itself gives no indication that the Court considered the fact that an individual had a choice of jury trial in traffic cases relevant to the accrual of double jeopardy protection or that the Illinois judicial scheme involving traffic cases was of any significance in their double jeopardy analysis. Of course, it would make our task easier if Illinois had a judicial scheme exactly as ours. However, they do not, and the Supreme Court simply does not, and cannot, consider the volume of cases required to present a case exactly on point in every instance. The distinction made by the majority to move the present case without the scope of the decision in *Vitale* has not been demonstrated to be material enough to justify this treatment, nor upon reflection should it be considered so.

where an individual was cited for traffic violations, including reckless driving, in an accident which resulted in a death, and was convicted in Justice of the Peace Court. Roberts appealed the conviction which resulted in the granting of a de novo trial. While the appeal was pending the State charged Roberts with manslaughter based upon the death which occurred in the same accident. Roberts was convicted of manslaughter and then sought habeas corpus relief. A magistrate recommended the writ issue based upon both double jeopardy and due process grounds. The Fifth Circuit affirmed, relying solely on the double jeopardy argument. In a curious twist, the United States Supreme Court affirmed upon the due process argument even though that issue had not been raised on appeal. The Court found due process violated when the State attempted to raise the charges during the pendency of the appeal. The reasoning for the holding was that the circumstances of the case raise a presumption of retaliation or vindictiveness in the filing of the manslaughter charges in response to the convicted's exercising a right of appeal. The Fifth Circuit, in finding the double jeopardy violation, was obviously not dissuaded by the fact that the convictions were citations for traffic offenses. Nor, apparently, did the United States Supreme Court find this a fact of relevance in extending due process guarantees and protection to a situation involving traffic convictions even where the result, like in a double jeopardy claim, was to prevent or invalidate a prosecution for greater charges stemming from the same criminal act.

I believe the four United States Supreme Court decisions cited herein indicate that the majority's position, that summary convictions, traffic or non-traffic do not implicate constitutional protections or are otherwise excluded from constitutional protections of the double jeopardy clause is clearly erroneous.

Because I believe a thorough analysis of *Beatty* and *Taylor* results in a conclusion that their holding in no way affects the validity of constitutional protections or the applicability of the Fifth Amendment double jeopardy clause to

traffic convictions, and in light of Superior Court precedent and United States Supreme Court precedent, I respectfully cannot join in the majority's opinion or disposition.[4] The motion to quash should have been granted and the order denying that relief should be reversed here.

Consequently, for the above reasons, I dissent.

4. The majority does not discuss the issue of whether or not the contemplated prosecution for reckless endangerment would constitute a second prosecution for the "same offense" within the realm of double jeopardy law. Without going into a full analysis of that issue I would note my belief that it would. The Commonwealth seeks to impose further criminal liability upon appellant for the exact same act for which appellant has already stood trial and been convicted for. Upon the authority of *Brown v. Ohio,* 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977), particularly the sixth footnote to that opinion, *Harris v. Oklahoma,* 433 U.S. 682, 97 S.Ct. 2912, 53 L.Ed.2d 1054 (1977) and *Illinois v. Vitale,* 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), I believe that a *multiple prosecution* of this fashion violates the double jeopardy clause.

This is not to say that the attempted prosecution for all these charges in a single criminal prosecution or in a single criminal adjudication, or that punishment imposed upon convictions for both reckless driving and reckless endangerment which were received in a single criminal adjudication, would necessarily violate the double jeopardy clause. See, *Missouri v. Hunter,* 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983). However, having completed a prosecution for the alleged criminal act, I believe, the double jeopardy clause acts to invalidate a subsequent attempt to impose further criminal liability for the same criminal act in a subsequent proceeding especially where, as here, proof of the alleged offense will necessarily require or result in reproving the crime already prosecuted for.