## Commonwealth v. Schmehl

*Jeanne R. Boyer, assistant district attorney,* for the Commonwealth.

*Lawrence J. Hracho,* for defendant.

LUDGATE, *J.* February 7, 1991 — On November 7, 1990, this court entered an order granting defendant's petition for dismissal of charges on double jeopardy grounds, and the case was dismissed. An appeal was timely filed by the Commonwealth, and this opinion is written pursuant to Pa.R.A.P. 1925(a) and in support of that order.

On November 26, 1990, in accordance with Rule 1925(b), this court entered an order directing that the Commonwealth file a concise statement of matters complained of on appeal. In its concise statement of matters complained of on appeal, the Commonwealth contends that:

"The trial court erred in determining that double jeopardy grounds barred the prosecution of charges of traffic control signals, driving under the influence, and driving on a roadways [sic] laned for traffic, because after the companion charge of reckless driving, apparently in response to defendant's counsel's argument that the Commonwealth had to proceed with the more specific charges of traffic control signals instead of the general charge of reckless driving."

The dismissal order was based upon the U.S. Supreme Court decision in *Grady v. Corbin,* 495 U.S. __, 109 L.Ed.2d 548, 110 S.Ct. 2084 (1990). In *Grady,* the U.S. Supreme Court held that "the Double Jeopardy Clause bars a subsequent prosecution, if to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which

the defendant has already been prosecuted." 109 L.Ed.2d at 557.

The double jeopardy clause of the Pennsylvania Constitution states that "no person shall for the same offense be twice put in jeopardy of life or limb. . ." Pa. Const., art. 1, §10. The Fifth Amendment to the U.S. Constitution provides likewise that "nor shall any person be subject for the same offense to be twice put in jeopardy of life and limb." U.S. Const., amend. V. The double jeopardy clause of the federal Fifth Amendment was made applicable to the states in *Benton v. Maryland,* 395 U.S. 784, 794, 23 L.Ed. 2d 207, 89 S.Ct. 2056 (1969).

The Pennsylvania Superior Court has held the protections afforded by the federal and state constitutions to be co-extensive, and that the state courts will adopt the approach of the U.S. Supreme Court in double jeopardy cases. *Commonwealth v. Simons,* 342 Pa. Super. 281, 492 A.2d 1119 (1985), citing *Commonwealth v. Beaver,* 317 Pa. Super. 88, 463 A.2d 1097 (1983).

In *Commonwealth v. LaBelle,* 397 Pa. Super. 179, 579 A.2d 1315 (1990), the Superior Court en banc held that the "double jeopardy clause of the Fifth Amendment may indeed serve to bar a prosecution of a more serious offense, once a defendant had been convicted on a summary charge, if the requirements of case law are met." *In the Matter of Huff,* 399 Pa. Super. 574, 582 A.2d 1093 (1990), the Superior Court considered whether the concepts of double jeopardy or collateral estoppel, in the Fifth Amendment of the U.S. Constitution, prevent the Commonwealth from proceeding against a juvenile in Juvenile Court on homicide by vehicle and aggravated assault charges, following his prior conviction of two summary traffic violations before a district justice. In analyzing this question, the Superior

Court considered whether the Commonwealth "in supporting the delinquency petition, is attempting to reprove conduct which forms the basis for the appellant's conviction on the summary offenses. . . . No evidence may be introduced which would prove the conduct constituting an offense for which the appellant had previously been convicted." *Id.*

In *Huff,* the Superior Court chose to carve out a jurisdictional exception to the double jeopardy analysis. The Superior Court interpreted *Grady v. Corbin,* 495 U.S. __, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990). In *Huff,* the Superior Court quoted *LaBelle, supra,* holding that "the double jeopardy clause of the Fifth Amendment may indeed serve to bar prosecution of a more serious offense, once a defendant has been convicted on a summary charge, if the requirements of case law are met." *Huff, supra,* quoting *LaBelle.*

The Superior Court accepted the Commonwealth's assertion that a jurisdictional exception to the double jeopardy clause should be recognized since in *Huff* no single court had jurisdiction over both the summary offenses and the delinquency proceeding. At the same time, the Superior Court referred to *Commonwealth v. LaBelle,* where it specifically overruled *Commonwealth v. Evers,* 381 Pa. Super. 568, 554 A.2d 531 (1989), which had held that "the constitutional prosecutions of the double jeopardy clause are not implicated where a felony or misdemeanor protection is preceded by a conviction before a district justice, whether by summary trial or guilty plea for a summary offense." *Evers, supra.*

The Commonwealth argues that this court erred by granting defendant's motion to dismiss on double jeopardy grounds. As previously stated, the test established in *Grady, supra,* is whether to establish an essential element of an offense charged in that

prosecution, the Commonwealth will prove conduct that constitutes an offense for which the defendant had already been prosecuted.

The question is whether the disposition of the summary offense amounts to prosecution for that conduct, thus placing the defendant once in jeopardy, and the present driving under the influence prosecution would place the defendant again in jeopardy for the same conduct.

The Commonwealth and defendant agreed that the court would consider the issue presented in defendant's petition to dismiss based on the transcripts of the preliminary hearing before District Justice Anthony Horning on August 30, 1990. The facts briefly stated are that on July 19, 1990, defendant was driving his motor vehicle southbound on Route 61 in Muhlenberg Township, Berks County, Pennsylvania. Defendant was observed veering off the road to the right side of the highway two times. (N.T. 2.) Defendant "drove across all three lanes. There is a left-turning lane, there is [sic] two travel lanes to go south and then off to the right there is also a right-turn lane. He did this twice." (N.T. 2.) Defendant then went through a red light without stopping. "He came up to the left lane, that lane which is controlled by a left-turning arrow. As he came up and approached the intersection, the traffic signal was red. He made a left turn without stopping, nearly causing an accident to two vehicles which were northbound on Route 61." (N.T. 2.) The prosecutor "filed the charges of driving under the influence, reckless driving for nearly causing an accident, traffic control signals for proceeding past the red signal and driving on roadways laned for traffic. This was in response to his unable to — he was unable to stay within the lane of traffic." (N.T. 3.)

Officer Rodney Fleishood requested that a summons be issued charging the defendant with driving under the influence of alcohol, 75 Pa.C.S. §3731 (a)(1). Defendant was also charged with reckless driving, driving on roadways laned for traffic and traffic control signals.

In a driving under the influence prosecution, the Commonwealth must prove that the defendant operated a motor vehicle while under the influence of alcohol to a degree which renders him incapable of safe driving. 75 Pa.C.S. §3731(a)(1).

In *Grady, supra,* the Supreme Court considered that the prosecutor had filed a bill of particulars which stated that it would in fact prove the entirety of the conduct for which Corbin had been previously convicted, that is, driving while intoxicated and failing to keep right of the median, to establish the essential elements of the homicide and assault charges against Corbin. In the instant case, the probable cause statement accompanying the officer's summons request stated, in pertinent part, that defendant was "unable to remain within a single lane; continually swerving across all three lanes of travel. As defendant approached the Bellevue Avenue intersection, he disregarded a steady red signal. Defendant then made a left turn onto Bellevue Avenue, nearly causing an accident with a vehicle which was northbound on Route 61."

The conduct which the Commonwealth will use to prove that defendant was unable to operate his motor vehicle safely is defendant's continual swerving across all three lanes of travel, his disregarding of a steady light, and his nearly causing an accident. District Justice Anthony Horning dismissed the reckless driving charge against defendant, after hearing testimony at the preliminary hearing. The Superior Court has held that "[h]aving once been

placed on trial in a court having jurisdiction to determine guilt or innocence and the charge having been dismissed, appellant could not thereafter be again placed on trial for the same offense." *Commonwealth v. Lyons,* 395 Pa. Super. 184, 576 A.2d 1105 (1990).

Defendant was placed in jeopardy on the summary offenses before the district justice, and because the district justice dismissed the reckless driving summary, any subsequent prosecution based on the same reckless driving offense is barred by the double jeopardy clause, even if the dismissal was "based upon an 'egregiously erroneous foundation . . . .' " *In the Interest of R.R.,* 317 Pa. Super. 334, 464 A.2d 348 (1983).

The district justice dismissed the reckless driving charge based on the argument propounded by defendant that where defendant is charged with both a specific offense and a general offense based on the same conduct, the Commonwealth may not proceed with both charges, but rather must proceed only with the specific charge. See generally, *Commonwealth v. Bidner,* 282 Pa. Super. 100, 422 A.2d 847 (1980); *Commonwealth v. Burkett,* 300 Pa. Super. 72, 445 A.2d 1304 (1982).

Defendant was placed in jeopardy on the summary offenses before the district justice, because the district justice heard testimony regarding the offense at the preliminary hearing, and then dismissed the reckless driving summary. Therefore any subsequent prosecution based on the same reckless driving offense is barred by the double jeopardy clause. The Commonwealth would necessarily have to attempt to prove conduct which constituted reckless driving, to prove that defendant was under the influence of alcohol to a degree which rendered him incapable of safe driving, as essential element of a

prosecution for a violation of 75 Pa.C.S. §3731(a)(1). In the instant case, the district justice dismissed the reckless driving charge based on the argument of defendant's counsel that he was faced with a general versus specific charge and the Commonwealth could only proceed with the specific charge.

The fact that no bill of particulars was filed in the instant case does not affect the application of the test adopted by the Supreme Court in *Grady, supra*. The court stated in a footnote "'[a]pplication of the test we adopt today will not depend, as Justice Scalia's dissent argues, on whether the indictment 'happens to show that the same evidence is at issue' or whether the jurisdiction 'happen[s] to require the prosecution to submit a bill of particulars that cannot be exceeded.' " *Grady, supra*, at n.14.

For the reasons outlined above, we reaffirm our prior order dismissing the complaint and respectfully urge that the appeal be denied.