364 A.2d 384

**COMMONWEALTH of Pennsylvania**

v.

**Frederick L. SPLAIN, Appellant.**

Superior Court of Pennsylvania.

Sept. 27, 1976.

504

John J. Thomas, Asst. Public Defender, Wilkes-Barre, for appellant.

John J. Gill, Jr., Asst. Dist. Atty., Wilkes-Barre, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN and CERCONE, JJ.

JACOBS, Judge:

On October 28, 1974, appellant was stopped for speeding. When he was asked for his operator's license and registration he informed the state trooper that he did not have his wallet with him, and then gave the state trooper a false name and address. A citation for speeding was issued in the name the appellant had given, and the appellant was directed to produce his operator's license and registration within 48 hours. Three or four days after this incident, appellant went to a state police substation and gave the state trooper his correct name and address. At this time, he also revealed that his driver's license had been suspended. A new citation, issued in the appellant's correct name, charging the appellant with a summary offense for speeding, and a criminal complaint, charging the appellant with a misdemeanor for

"operating a motor vehicle driving under suspension,"[1] were filed with the district magistrate.[2]

A preliminary hearing on the charge of "operating during suspension" was held before the district magistrate on December 12, 1974, at which time the Commonwealth established a prima facie case, and the appellant was held for the grand jury.[3] Both the speeding charge

---

1. Act of April 29, 1959, P.L. 58, § 624; Act of August 27, 1963, P.L. 1353, § 1, as amended, Act of May 26, 1972, P.L. 313, No. 84, § 1, 75 P.S. § 624 (Supp.1976–77). This was appellant's second offense of this nature, and, as such, was a misdemeanor.

2. The following excerpt from the transcript of the trial on the "operating" charge indicates the time sequence involved in these charges:

"BY THE COURT: As I understand it, the first thing you did, Trooper, was you arrested him for speeding?

TROOPER JEFFERSON DAVENPORT: Yes, sir.

BY THE COURT: And you did it in a different name because that's the name that he gave you?

TROOPER JEFFERSON DAVENPORT: Yes, sir.

BY THE COURT: And that charge had to be dismissed because he gave you a false name, is that right?

TROOPER JEFFERSON DAVENPORT: Yes, sir.

BY THE COURT: At that time, what did you do, you arrested him for speeding and for driving during suspension?

TROOPER JEFFERSON DAVENPORT: Yes, sir.

BY THE COURT: And were these both presented at the same time?

TROOPER JEFFERSON DAVENPORT: Yes, they were, your Honor, at the magistrate's hearing.

MR. THOMAS [counsel for defendant]: Your Honor, when they found out who the defendant actually was, they brought both charges against him at that time. Is that correct, Trooper?

TROOPER JEFFERSON DAVENPORT: I refiled the speeding charge and also the suspension.

MR. THOMAS: *Right so that they were both brought before Magistrate Havey and he could have sent them both up had he wished to at the same time.*

TROOPER JEFFERSON DAVENPORT: *I thought he had sent them both up."*

N.T. at 6–7 (emphasis added).

3. Appellant was not represented by counsel at the preliminary hearing.

and the "operating" charge were before the district magistrate at the time of this hearing. *See* note 2 supra.[4]

Under letter from the district magistrate dated December 16, 1974, the appellant was advised that there was "pending against" him a speeding violation "occurring on October 28, 1974," and that a fine plus costs must be paid within 10 days or a warrant would be issued for the appellant's arrest. The appellant paid the fine on December 26th, 1974,[5] *thereby pleading guilty* [6] to the summary offense of speeding.

On January 6, 1975 the grand jury returned an indictment charging the offense of "operating a motor vehicle during suspension." At the arraignment, on January 20, 1975, the appellant, represented by counsel, *pled not guilty to the indictment.*

Trial by judge without a jury commenced on February 13th, 1975. After the Commonwealth presented its evidence, appellant's counsel demurred to the evidence on the ground that "the double jeopardy clause requires the prosecutor to bring a single proceeding of all known charges against the defendant arising from a single criminal episode." N.T. at 6. The demurrer was overruled, noting an exception. Post-trial motions and briefs in

---

4. The appellant testified at his trial on the "operating" offense, in response to a question from his attorney as to the date on which the hearing was held: ·
   "Q. Mr. Splain, do you know on what date you had your hearing on the charge of operating a motor vehicle while under suspension?
   "A. A December 12th. At this hearing, sir, I didn't even realize that I was being arrested for speeding because Trooper Davenport said prior to it that the charges would be dropped and I would just be arrested for driving during suspension. After the hearing, I got a letter from Magistrate Havey stating that I was being arrested for speeding along with the other charge. The other charge had been disposed of and sent to court." N.T. at 10.

5. When this fine was paid the appellant knew that he had been held for the grand jury on the "operating" charge. Appellant signed on December 12, 1974 a bail bond form which fixed bail on the operating charge. *See* Pa.R.Crim.P. 143(b).

6. *See* Pa.R.Crim.P. 57(c).

support thereof were timely filed on the issue of double jeopardy, and were denied. The instant appeal followed.

The only issue on appeal is whether the appellant's prosecution and conviction for the offense of "operating a motor vehicle during suspension" was a violation of the statutory bar against subsequent prosecution as set forth in section 110 of the new Crimes Code,[7] to-wit, the subsequent prosecution for "operating a motor vehicle during suspension," an offense the appellant contends arose from the same criminal episode involving the speeding offense, was barred by the former prosecution for speeding. We affirm, holding that the appellant did not make a timely presentation of this defense to the court below, consequently, the appellant waived his right to claim "double jeopardy."[8]

The rule of compulsory joinder, *see* note 8 supra, "was intended both to protect a person accused of crimes from governmental harassment *by forcing him to undergo successive trials for offenses stemming from the same event*, and also, as a matter of judicial administration and economy, to assure finality without unduly burdening the judicial process by repetitious litigation. *The new approach was thus to serve both individual and societal interests.*" *Commonwealth v. Tarver*, —— Pa. ——, ——, 357 A.2d 539, 542 (1976) (filed May 12, 1976, J. 262) (emphasis added) (citations omitted). The rule is not inflexible and its protection may be waived. *See generally Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975).

---

**7.** 18 Pa.C.S. § 110 (1973).

**8.** The "double jeopardy" defense is not, herein, a defense of federal constitutional proportion. It is essentially a defense based on the rule of compulsory joinder, a rule espoused in *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973); *addendum opinion*, 455 Pa. 622, 314 A.2d 854 (1974), and codified in 18 Pa.C.S. § 110 (1973). *See Commonwealth v. Tarver*, —— Pa. ——, 357 A.2d 539 (1976) (filed May 12, 1976, J. 262).

508

■ Instantly, the defense of "double jeopardy" was not properly before the lower court. The appellant pled *not guilty* to the indictment on the charge of "operating a motor vehicle during suspension." The defense was raised for the first time as a demurrer to the Commonwealth's evidence. *See* text supra. "Former jeopardy must be specially pleaded in the trial court,[9] and may not be raised under a plea of not guilty . . . ." *Commonwealth ex rel. Wallace v. Burke,* 169 Pa.Super. 633, 636, 84 A.2d 254, 255 (1951) (footnote added).[10]

■ In *Commonwealth v. Campana,* 452 Pa. 233, 304 A.2d 432 (1973) our Supreme Court announced a rule of compulsory joinder, a rule designed to avoid a number of evils arising from the state's attempt to bring successive prosecutions for offenses arising out of the "same transaction." One such evil was the state's use of "trial run" prosecutions, *id.* at 343, 304 A.2d at 436, in which the state might be able to test the sufficiency of its evidence. To permit a defendant to raise the "double jeopardy" defense by way of a demurrer to the Commonwealth's evidence, gives the defendant "trial run" defenses. The defendant cannot sit back, put the Commonwealth to the time and expense of presenting its evidence, and, after

9. *See Commonwealth v. Duerr,* 158 Pa.Super. 484, 45 A.2d 235, *allocatur refused,* 158 Pa.Super. xxiv (1946) ("At the beginning of the second trial the defendant entered a plea to each indictment of autrefois acquit." *Id.* at 489, 45 A.2d at 237); *see Commonwealth v. Hynd,* 230 Pa.Super. 114, 326 A.2d 434 (1974) (defendant pleaded double jeopardy to the indictment).

10. The issue of properly preserving the defense of former jeopardy was reviewed in *State v. Carroll,* 150 W.Va. 765, 149 S.E.2d 309, 312 (1966) wherein it was held: "As heretofore noted, the defendant did not tender a special plea relating to former jeopardy. This Court is of the opinion, as is the majority of courts in other jurisdictions, that former jeopardy is not admissible as a defense under the general issue raised by a plea of not guilty; nor is it effective as a defense by motion to quash [*see Commonwealth v. Morningstar,* 82 Pa.Super. 425 (1923)], *demurrer,* motion in arrest of judgment or by writ of error. Former jeopardy, as a defense, must be set up by a special plea. If not so pleaded, the defense of former jeopardy is waived . . . ."

assessing the sufficiency of the Commonwealth's evidence, raise the defense of "double jeopardy." The section 110 defense was not timely raised.[11]

Judgment affirmed.

11. We note our disappointment that an issue of this nature should be before us for consideration. The rule of compulsory joinder, *assuming arguendo* offenses "based on the same conduct or arising out of the same criminal episode" *see* 18 Pa.C.S. § 110 (1973), is clearly applicable to cases involving both summary and indictable offenses. In K. Jarvis, Pennsylvania Crimes Code and Criminal Law, Ch. 1, § 110, discussion at 15 (1974) the following observation on section 110 of the new Crimes Code is made:

"[A] District Judge should not hear the summary offense when there is also charged a misdemeanor or a felony arising out of the same transaction, but they should all be heard by the Common Pleas Court and decided at that time."

Moreover, the Comment to Pa.R.Crim.P. 51 states: "A criminal proceeding shall be brought under Chapter 50 of these Rules [summary cases] in cases in which all the offenses charged are either summary offenses or ordinance violations. If one or more of the charges is a misdemeanor or felony, even if a lesser offense is also charged in the same complaint, the case shall proceed as a court case under Chapter 100 of these Rules. See *Commonwealth v. Campana*, 452 Pa. 233, 304 A.2d 432 (1973), supplemented at 455 Pa. 622, 314 A.2d 854 (1974)." Finally, our Supreme Court took notice in *Commonwealth v. Ray*, 448 Pa. 307, 292 A.2d 410 (1972) that: "Where an individual is charged with a summary and an indictable offense arising out of the same facts and is held for court on the latter charge, we are informed a magistrate in Philadelphia as a matter of practice returns all charges for disposition at trial." *Id.* at 309 n. 3, 292 A.2d at 412 n. 3.