393 A.2d 916

**COMMONWEALTH of Pennsylvania, Appellant,**

**v.**

**Jack A. RABIK.**

Superior Court of Pennsylvania.

Submitted Nov. 14, 1977.

Decided Oct. 25, 1978.

Earle D. Lees, Jr., Assistant District Attorney, Clearfield, for Commonwealth, appellant.

James A. Naddeo, and Belin, Belin & Naddeo, Clearfield, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

VAN der VOORT, Judge:

Appellee Jack A. Rabik was involved in a single car accident on July 23, 1976, in Bradford Township, as a result

of which he was issued a citation for reckless driving and a complaint was filed against him for driving while under the influence. Appellee pleaded guilty to the summary offense of reckless driving, paying the fine and costs. On November 3, 1976, appellee waived arraignment on the charge of driving while under the influence, and entered a plea of not guilty. On November 5, 1976, appellee filed a motion to quash, arguing that the offense arose from the same transaction or series of events that resulted in his reckless driving conviction.[1] The lower court held a hearing on December 10, 1976, and issued an order granting appellee's motion. The Commonwealth brought this appeal from the order granting the motion to quash.

We are presented in this case with a very narrow procedural issue: the Commonwealth argues that appellee failed to enter a special plea (*autrefois convict*) relating to double jeopardy, and that the lower court should not have permitted appellee to raise the defense of former conviction by a pre-trial motion to quash.[2] Dictum in *Commonwealth v. Splain*, 242 Pa.Super. 503, 364 A.2d 384 (1976), supports the Commonwealth's argument[3], but the decision in *Splain*

---

1. Section 110 of the Crimes Code states: "Although a prosecution is for a violation of a different provision of the statutes than a former prosecution or is based on different facts, it is barred by such former prosecution under the following circumstances: (1) The former prosecution resulted in . . . a conviction . . . and the subsequent prosecution is for . . . any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first trial and was within the jurisdiction of a single court unless the court ordered a separate trial of the charge of such offense . . . .."

2. We note that the Commonwealth does *not* argue on appeal to our court that case law and § 110 of the Crimes Code did not require dismissal by the lower court of the second prosecution of appellee. See *Commonwealth v. Green*, 232 Pa.Super. 134, 335 A.2d 493 (1975).

3. Other cases cited by the Commonwealth were decided prior to the effective date of the new Crimes Code, and are therefore not controlling.

actually turned upon the fact that the defendant had waited until the Commonwealth presented its case before raising the former jeopardy issue. As was noted in *Splain*, a defendant will not be permitted to sit back and put the Commonwealth to the time and expense of presenting its evidence. If a defendant does not act in a timely manner, he may waive the right to raise a former jeopardy (§ 110 compulsory joinder) issue. Appellee in the case before us did act promptly in bringing the earlier conviction to the attention of the lower court before the case came to trial and before any prejudice resulted to the Commonwealth.

■■ The correct procedure to be followed by a defendant in raising a former jeopardy argument was stated by our court in *Commonwealth v. Davis*, 247 Pa.Super. 450, 452, n. 3, 372 A.2d 912, 913 (1977): "The proper procedure for raising a bar to prosecution, such as former acquittal, is a written pre-trial application pursuant to Pa.R.Crim.P. 304." Under the rules of criminal procedure, appellee Rabik could have pleaded guilty, not guilty, or nolo contendere. Rule 319(a). No mention is made in the rules of "special pleas" of any kind. Appellee entered a plea of not guilty to the second charge, and proceeded, pursuant to Rule 304 (now Rule 306), to file a pre-trial motion to quash, raising the "former jeopardy" issue. We hold that appellee properly brought the former conviction to the attention of the lower court.

Order affirmed.

JACOBS, President Judge, concurs in the result.

WATKINS, former President Judge and HOFFMAN, J., did not participate in the consideration or decision of this case.