J-S88038-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| WARREN NICHOLS, | : | |
| | : | |
| Appellant | : | No. 3647 EDA 2015 |

Appeal from the Judgment of Sentence September 22, 2015
in the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0008876-2012

BEFORE:  OLSON, RANSOM, and STRASSBURGER*, JJ.

MEMORANDUM BY STRASSBURGER, J.:          **FILED FEBRUARY 07, 2017**

Warren Nichols (Appellant) appeals from the judgment of sentence imposed following his convictions for possession of a controlled substance, carrying a firearm without a license, carrying a firearm on the streets of Philadelphia, and carrying loaded weapons other than firearms.  We affirm in part and vacate in part.

Appellant was arrested and charged with the aforementioned offenses, as well as various summary motor vehicle violations, stemming from an incident that occurred on July 11, 2012.  On September 12, 2012, following a hearing in Philadelphia Municipal Court – Traffic Division, Appellant was found not-guilty of the summary offenses of failure to use lights and driving an unregistered vehicle.  A suppression hearing on the indictable offenses

*Retired Senior Judge assigned to the Superior Court.

was heard, and denied, on August 12, 2013. The matter proceeded to a non-jury trial on April 9, 2014.

> At trial, [Philadelphia Police Officer Eyleen] Archie testified that she was traveling northbound on North Broad Street, when she observed [Appellant] driving a vehicle traveling southbound in the 2100 block of North Broad Street, approaching Broad and Diamond Streets. The vehicle was being operated without headlights. The officer activated her lights, and [Appellant's] vehicle stopped. The officer exited her vehicle and as she approached [Appellant's] vehicle, she saw [Appellant], who was the driver, reaching under his seat, making movements between his legs. Officer Archie ordered [Appellant] to stay still and stop moving, but he ignored her commands. A female passenger was also in the car.

> The officer opened the door and ordered [Appellant] to exit the vehicle. She then escorted him to the rear of the vehicle, where [Appellant] stood with her sergeant. Officer Archie returned to the passenger compartment of the car, where she observed the butt of a black handgun sticking out beneath the seat. The officer notified the sergeant she had found a loaded gun, whereupon [Appellant] was secured in the officer's vehicle. Officer Archie continued her sweep of the vehicle, where she observed a knotted clear plastic bag in an open area near the gear shift, along with five live rounds of ammunition.

> While in custody in the officer's vehicle, [Appellant] stated that he thought [Pennsylvania] was an open carry state, so he didn't need a license to carry a firearm.

> The gun was test fired and found to be operable. Although [Appellant] had previously possessed a license to carry, he did not have a valid license on July 11, 2012. The substance found in the plastic bag tested positive for cocaine.

Trial Court Opinion, 4/8/216, at 4-5 (unnumbered) (citations and unnecessary capitalization omitted).

Appellant was convicted of all charges. On May 6, 2016, Appellant filed a motion for extraordinary relief, which was denied on August 3, 2015.

- 2 -

A second motion was filed on September 11, 2015 and denied on September 17, 2015.

On September 22, 2016, Appellant was sentenced to an aggregate term of 30 to 60 months of incarceration on the charge of carrying a firearm without a license, and a consecutive term of three years' probation on the charge of carrying a firearm on the streets of Philadelphia. No further penalty was imposed at the other two counts.

Appellant, through counsel, filed timely post-sentence motions, which were denied on December 2, 2015. This timely appeal followed. Both Appellant and the trial court complied with the mandates of Pa.R.A.P. 1925.

Appellant raises four issues for our review.

[I.] Was the evidence presented at trial sufficient as a matter of law to support a conviction for 18 Pa.C.S.[] § 6106.1 where the evidence of record does not establish that [Appellant] was carrying a loaded weapon "other than a firearm as defined in section [] 6102" of the Crimes Code in a vehicle?

[II.] Did the trial court err when it denied [Appellant's] motion seeking dismissal of the charges against [him] based on 18 Pa.C.S.[] § 110?

[III.] Is the verdict of guilty with respect to the charge of 35 P.S. § 780-113(a)(16) against the weight of the evidence and so contrary to the evidence that it shocks one's sense of justice in light of the evidence presented at trial?

[IV.] Is the sentence imposed in this matter unduly harsh and excessive under the circumstances as it is above the standard range set forth in the guidelines, fails to take into account all relevant and necessary factors to be considered by a sentencing court, and/or is based upon factors or evidence which should not be relied upon by a sentencing court?

Appellant's Brief at 8-9 (suggested answers and trial court answers omitted).

With respect to Appellant's first issue, the trial court and the Commonwealth concede that the evidence was insufficient to sustain Appellant's conviction for the summary offense of carrying loaded weapons other than firearms, 18 Pa.C.S. § 6106.1, because that subsection does not apply to the weapon recovered during the search of Appellant's vehicle. Trial Court Opinion, 4/8/2016, at 9-11; Commonwealth's Brief at 7.

As a general matter, our standard of review of sufficiency claims requires

> that we evaluate the record in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Nevertheless, the Commonwealth need not establish guilt to a mathematical certainty. [T]he facts and circumstances established by the Commonwealth need not be absolutely incompatible with the defendant's innocence. Any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

*Commonwealth v. Mauz*, 122 A.3d 1039, 1040-41 (Pa. Super. 2015) (citation omitted).

Section 6106.1(a) states that

> except as provided in Title 34 (relating to game), no person shall carry a loaded pistol, revolver, shotgun or rifle, **other than a firearm as defined in section 6102** (relating to definitions), in any vehicle. The provisions of this section shall not apply to persons excepted from the requirement of a license to carry

firearms under section 6106(b)(1), (2), (5) or (6) (relating to firearms not to be carried without a license) nor shall the provisions of this section be construed to permit persons to carry firearms in a vehicle where such conduct is prohibited by section 6106.

18 Pa.C.S. § 6106.1(a) (emphasis added). The weapon recovered from Appellant's vehicle was an automatic handgun with a barrel length of 3 ¾ inches, Trial Court Opinion, 4/8/2016, at 10, which qualifies as a "firearm" under 18 Pa.C.S. § 6102 (defining firearm for the purposes of the Uniform Firearms Act, in pertinent part, as "[a]ny pistol or revolver **with a barrel length less than 15 inches**, … or any pistol, revolver, rifle or shotgun with an overall length of less than 26 inches.") (emphasis added).

Based on the foregoing, we agree that section 6106.1(a) is inapplicable to the weapon recovered from Appellant's vehicle; thus, the evidence is insufficient to sustain Appellant's conviction. Accordingly, we vacate his conviction under section 6106.1(a). However, because Appellant did not receive a sentence for that conviction, we need not remand this case for imposition of a new sentence. *See Commonwealth v. Thur*, 906 A.2d 552, 569 (Pa. Super. 2006) (stating that when our disposition does not upset overall sentencing scheme, there is no need for a remand).

In his second issue on appeal, Appellant contends that the trial court erred in denying Appellant's motion to dismiss charges pursuant to the compulsory joinder rule outlined in 18 Pa.C.S. § 110. Appellant's Brief at 27-34. Specifically, Appellant argues that his acquittal of the summary traffic

offenses on September 12, 2012, three years prior to his non-jury trial on the remaining indictable offenses, barred the later prosecution. *Id.*

It is well-established that

Section 110 of the Pennsylvania Rules of Criminal Procedure governs when a prosecution is barred by a former prosecution for a different offense, and thus serves as a statutory enforcement mechanism for protecting a defendant's Double Jeopardy rights in Pennsylvania's criminal courts. In *Commonwealth v. Pries*, 861 A.2d 951 (Pa. Super. 2004), we held that:

the compulsory joinder rule, set forth at [18 Pa.C.S. § 110], bars a subsequent prosecution if all prongs of the following test are met:

(1) the former prosecution resulted in an acquittal or conviction [as defined by 18 Pa.C.S. § 109] ; (2) the current prosecution was based on the same criminal conduct or arose from the same criminal episode; (3) the prosecutor in the subsequent trial was aware of the charges before the first trial; and (4) all charges were within the same judicial district as the former prosecution.

*Commonwealth v. Miskovitch*, 64 A.3d 672, 686 (Pa. Super. 2013). When dealing with an issue arising under section 110, our scope of review is plenary. *See Commonwealth v. M.D.P.*, 831 A.2d 714, 717 (Pa. Super. 2003).

In his brief, Appellant argues that his subsequent prosecution is barred by section 110(1)(ii), which applies where

[t]he former prosecution resulted in an acquittal … as defined in section 109 … and the subsequent prosecution is for … any offense based on the same conduct or arising from the same criminal episode, if such offense was known to the appropriate prosecuting officer at the time of the commencement of the first

trial and occurred within the same judicial district as the former prosecution unless the court ordered a separate trial of the charge of such offense.

18 Pa.C.S. § 110(1)(ii).

However, in **Commonwealth v. Splain**, 364 A.2d 384 (Pa. Super. 1976), this Court held that a defendant must normally assert a section 110(1)(ii) claim in a timely manner, and may not wait until after the Commonwealth has presented its evidence before doing so. **Id.** at 387. **See Commonwealth v. Block**, 469 A.2d 650, 652 n. 4 (Pa. Super. 1983) (citations omitted) ("While it is true that the lack of a *specific* objection will not constitute a waiver of a particular basis for relief under double jeopardy, … it has also been held that a defendant cannot sit back and put the Commonwealth to the expense and time of presenting its evidence then later object to the proceeding on double jeopardy grounds.").

Instantly, Appellant raised his compulsory joinder argument for the first time in his supplemental post-sentence motion, which was filed on October 2, 2015, three years after his acquittal for the summary traffic offenses and nearly six months after his non-jury trial. Such assertion is patently untimely and, as such, we find Appellant's claim waived for failure to raise it in a timely manner.

In his third issue, Appellant claims that his conviction for possession of a controlled substance is against the weight of the evidence. Appellant's Brief at 35-41. Specifically, Appellant claims the trial court erred in finding

that the testimony of the officers that Appellant constructively possessed the cocaine recovered from the center console of the vehicle was outweighed by the evidence that Appellant was "seen reaching away from" the area containing the cocaine upon being pulled over, the presence in the vehicle of another individual with equal access to the drugs, and a lack of "forensic evidence" connecting Appellant with the drugs. *Id.* at 40.

> The law pertaining to weight of the evidence claims is well-settled. The weight of the evidence is a matter exclusively for the finder of fact, who is free to believe all, part, or none of the evidence and to determine the credibility of the witnesses. A new trial is not warranted because of a mere conflict in the testimony and must have a stronger foundation than a reassessment of the credibility of witnesses. Rather, the role of the trial judge is to determine that notwithstanding all the facts, certain facts are so clearly of greater weight that to ignore them or to give them equal weight with all the facts is to deny justice.
>
> On appeal, our purview is extremely limited and is confined to whether the trial court abused its discretion in finding that the jury verdict did not shock its conscience. Thus, appellate review of a weight claim consists of a review of the trial court's exercise of discretion, not a review of the underlying question of whether the verdict is against the weight of the evidence.

*Commonwealth v. Gonzalez*, 109 A.3d 711, 723 (Pa. Super. 2015) (quotation marks and citations omitted).

Herein, the trial court, acting as fact-finder, assessed the credibility of the witnesses and the evidence presented. It found the Commonwealth established that Appellant had constructively possessed the recovered cocaine and and that the verdict was not against the weight of the evidence. Trial Court Opinion, 4/08/2016, at 12. We find no abuse of discretion.

Finally, Appellant attempts to challenge the discretionary aspects of his sentence.

> It is well settled that, with regard to the discretionary aspects of sentencing, there is no automatic right to appeal.

>> Before [this Court may] reach the merits of [a challenge to the discretionary aspects of a sentence], we must engage in a four part analysis to determine: (1) whether the appeal is timely; (2) whether Appellant preserved his issue; (3) whether Appellant's brief includes a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of sentence; and (4) whether the concise statement raises a substantial question that the sentence is appropriate under the sentencing code.... [I]f the appeal satisfies each of these four requirements, we will then proceed to decide the substantive merits of the case.

**Commonwealth v. Disalvo**, 70 A.3d 900, 902 (Pa. Super. 2013) (citations omitted).

Appellant timely filed a notice of appeal. Appellant both objected to his sentence during the sentencing hearing, N.T., 9/22/2015, at 19, and sought reconsideration of his sentence in his post-sentence motion. Additionally, Appellant's brief contains a Pa.R.A.P. 2119(f) concise statement. Thus, we must determine whether he has raised a substantial question worthy of appellate review.

> The determination of whether a substantial question exists must be made on a case-by-case basis. It is only where an aggrieved party can articulate clear reasons why the sentence issued by the trial court compromises the sentencing scheme as a whole that we will find a substantial question and review the decision of the trial court. This [C]ourt has been inclined to find that a substantial question exists where the appellant advances a

> colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms underlying the sentencing process.
>
> Also, a bald allegation that a sentence is excessive does not raise a substantial question.

*Commonwealth v. Lutes*, 793 A.2d 949, 964 (Pa. Super. 2002) (citations omitted).

Appellant argues that the trial court considered improper factors in fashioning his sentence. Appellant's Brief at 43. This claim raises a substantial question. *Commonwealth v. Simpson*, 829 A.2d 334, 338 (Pa. Super. 2003) ("[A] claim that the sentence is excessive because the trial court relied on impermissible factors raises a substantial question").

Our standard for reviewing a claim challenging a discretionary aspect of sentencing is as follows:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. In this context, an abuse of discretion is not shown merely by an error in judgment. Rather, the appellant must establish, by reference to the record, that the sentencing court ignored or misapplied the law, exercised its judgment for reasons of partiality, prejudice, bias or ill will, or arrived at a manifestly unreasonable decision.

*Commonwealth v. Shugars*, 895 A.2d 1270, 1275 (Pa. Super. 2006) (quoting *Commonwealth v. Fullin*, 892 A.2d 843, 847 (Pa. Super. 2006)) . A sentencing court has broad discretion in deciding the proper sentence, following a careful consideration of the individual circumstances of the case in light of statutory factors. *Commonwealth v. Walls*, 926 A.2d 957, 962–

63 (Pa. 2007). Where the sentencing court reviews a pre-sentence investigation report (PSI), "the presumption arises that the sentencing court was aware of and weighed all relevant information contained therein along with any mitigating sentencing factors." *Commonwealth v. Marts*, 889 A.2d 608, 615 (Pa. Super. 2005).

Relying upon *Commonwealth v. Karash*, 452 A.2d 528 (Pa. Super. 1982), Appellant asserts that the sentencing court abused its discretion in imposing a sentence outside of the applicable guideline range and based upon "allegations relating to [Appellant's] arrest by federal authorities for conduct occurring between December of 2014 and March of 2015 … three-and-one-half years after the incident at issue" in this case.[1] Appellant's Brief at 43-45.

> In setting forth the standard a court must follow in imposing sentence, the *Karash* court explained:
>
> A sentence is invalid if the record discloses that the sentencing court may have relied in whole or in part upon an impermissible consideration. This is so because the court violates the defendant's right of due process if, in deciding upon the sentence, it

---

[1] The conduct to which Appellant alludes in his brief is an allegation that, while he was awaiting sentencing in this matter, Appellant was arrested on federal drug trafficking charges. In addition, Appellant was accused of other conduct that supported the allegations of drug trafficking activity, including purchasing a small airplane for $50,000 in cash, which he flew frequently between Ohio and California, reporting no income to the IRS despite having thousands of dollars in his bank accounts and lying about his employment status. N.T., 9/22/2015, at 15-16. These allegations were presented to the sentencing court by the district attorney through a report compiled by the United States Attorney's Office which was made part of the record at Appellant's sentencing.

- 11 -

considers unreliable information or information affecting the court's impartiality, or information that it is otherwise unfair to hold against the defendant.

*Id.* at 528-29.

The trial judge in *Karash* revealed at sentencing that he was relying on crimes allegedly committed by the defendant:

I've also taken into consideration the crimes [escape] you have committed in Pennsylvania since the time that you returned here .... The [c]ourt feels, while I'm not sentencing you for those crimes, they have been part of the [c]ourt's consideration in imposing this sentence ....

*Id.* at 529.

At a subsequent hearing on a motion to modify sentence, the *Karash* trial judge elaborated:

Okay. **So the record reflects, I don't know whether it's in there or not, but the matter of Mr. Karash's [escape] incident was on all of the local television channels and in all the local newspapers. It was the only source of the [c]ourt's information, and actually showed pictures of Mr. Karash being apprehended in handcuffs at the scene, and the [c]ourt was aware that he was supposed to be in jail awaiting sentence and not to be out.**

*Id.*

*Commonwealth v. Druce*, 796 A.2d 321, 334–35 (Pa. Super. 2002) (emphasis added).

Because the trial court relied on such impermissible information, this Court vacated Karash's judgment of sentence. However, the instant case is distinguishable. Here, the sentencing court was presented with, and

reviewed, "the sentencing guidelines form, the modified presentence report, the Commonwealth's sentencing memorandum as well as the Commonwealth's packet [from the United States Attorney's Office detailing the allegations against Appellant since the commission of the crime herein, the defendant's allocution, and the circumstances of this case in whole." N.T., 9/22/2015, at 17. The court then articulated its reasons for Appellant's sentence as follows.

> I do find that the guidelines grossly [underrepresent] [Appellant's] history of criminality and propensity to commit crimes. I've carefully considered, over the course of many weeks, the information in the modified presentence report, and I think there is good reason to doubt a whole lot of it. Much of the information would have served as a mitigator. Even taking it at face value, any mitigating circumstances before this [c]ourt would be greatly outweighed by the aggravating circumstances that exist in this case.
>
> I do find that [Appellant] poses a threat to society for reasons, not the least of which is his conduct while still on bail in this offense.

*Id.* at 17-18.

It is evident that the court herein was not relying on televised reports of illegal conduct; rather, the court was presented at sentencing with a report concerning crimes allegedly committed while Appellant was out on bail awaiting sentencing. It is well-settled that "[a] court may consider criminal activity or preparation for crimes as factors in sentencing even though no arrest or conviction resulted." *Commonwealth v. Palmer*, 462

- 13 -

A.2d 755, 762 (Pa. Super. 1983). Accordingly, we find that the trial court did not abuse its discretion in sentencing Appellant.

In sum, we vacate Appellant's conviction for the summary offense of carrying loaded weapons other than firearms, 18 Pa.C.S. § 6106.1. Because he was not sentenced with respect to this conviction, we need not remand for a new sentence. We affirm Appellant's remaining convictions and affirm his judgment of sentence in all other respects.

Judgment of sentence vacated in part and affirmed in part. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/7/2017

- 14 -