J-S54001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SHANE BERNARD VITKA, JR., | |
| Appellant | No. 1985 WDA 2014 |

Appeal from the Judgment of Sentence Entered October 28, 2014
In the Court of Common Pleas of Venango County
Criminal Division at No(s): CP-61-CR-0000262-2014

BEFORE:  BENDER, P.J.E., OTT, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 24, 2016**

Appellant, Shane Bernard Vitka, Jr., appeals from the judgment of sentence of 5 to 15 years' incarceration, imposed after a jury convicted him of robbery and related offenses.  Appellant challenges the legality of his sentence, as well as the sufficiency of the evidence to sustain his robbery conviction.  We affirm.

The trial court summarized the evidence presented at Appellant's trial, as follows:

> During the trial, Andy Chelcher, the victim, testified that on November 2, 2013, he was walking home at approximately 2:00 a.m.  Prior to walking home, Mr. Chelcher was attending the Country Fair.  After leaving the fair, a red truck approached Mr. Chelcher.  The red truck continued toward Mr. Chelcher and forced him "off the curb."  The passenger, later identified as [Appellant], jumped out of the truck, and Mr. Chelcher saw the [Appellant] with a gun.  Mr. Chelcher testified that he attempted to run; however, he tripped. [Appellant] …, now standing over Mr. Chelcher, put the gun to the victim's face and said he was

going to kill him. Next, [Appellant] demanded [that] Mr. Chelcher give him everything he had on his person. Mr. Chelcher complied and surrendered his wallet and pocket knife. [Appellant] proceeded to reenter the red truck and [it] departed.

[The jury] also heard testimony from Dusty Perry, the driver of the red truck. On the night of the robbery, November 2, 2013, Mr. Perry and [Appellant] agreed to rob somebody with a gun. During the trial, Mr. Perry described the events of the robbery, specifically [Appellant's] jumping out of the car, chasing after Mr. Chelcher, and reentering the vehicle with [the] gun. Mr. Perry also testified that, directly after the robbery, he saw [Appellant] with Andy Chelcher's wallet and pocket knife.

Trial Court Opinion (TCO), 8/27/15, at 6 (citations to the record omitted).

Based on this evidence, the jury convicted Appellant of robbery (threat of immediate serious bodily injury), 18 Pa.C.S. § 3701(a)(1)(ii); conspiracy to commit robbery, 18 Pa.C.S. § 903; robbery (taking property from another by force), 18 Pa.C.S. § 3701(a)(1)(v); possession of a weapon, 18 Pa.C.S. § 907(b); and theft by unlawful taking, 18 Pa.C.S. § 3921(a). Pertinent to this appeal, Appellant was found not guilty of simple assault, 18 Pa.C.S. § 2701(a)(3). On October 28, 2014, Appellant was sentenced to an aggregate term of 5 to 15 years' imprisonment.

Appellant filed a timely notice of appeal on November 25, 2014.[1] Appellant also timely complied with the trial court's order to file a Pa.R.A.P.

_____

[1] The disposition of Appellant's appeal was delayed due to this Court's not receiving the certified record from the trial court until March of 2016.

1925(b) concise statement of errors complained of on appeal. Herein, Appellant presents two issues for our review:

> 1. Whether the court erred as a matter of law or abused its discretion when the court made a finding that [Appellant] used a deadly weapon to enhance the sentence, when the jury made no finding that [Appellant] used a deadly weapon nor was a question[] posed to the jury [on] whether a deadly weapon was used.
>
> 2. Whether there was sufficient evidence to convict [Appellant] of robbery when the evidence showed no assault on the victim.

Appellant's Brief at 5.

Appellant first contends that his sentence is illegal because the court applied the Deadly Weapon Enhancement (DWE), despite that the jury did not make a determination that Appellant possessed a deadly weapon, thus violating the rules set forth in *Alleyne v. United States*, 133 S.Ct. 2151 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

We disagree. In *Commonwealth v. Buterbaugh*, 91 A.3d 1247 (Pa. Super. 2014) (*en banc*), *appeal denied*, 104 A.3d 1 (Pa. 2014), this Court explained that, "[i]n both [*Alleyne* and *Apprendi*,] the Supreme Court determined that certain sentencing factors were considered elements of the underlying crime, and thus, to comply with the dictates of the Sixth Amendment, [those sentencing factors] must be submitted to the jury and proven beyond a reasonable doubt instead [of] being determined by the sentencing judge." *Buterbaugh*, 91 A.3d at 1270 n.10. The *Buterbaugh* panel then explained that the rules announced in *Alleyne* and *Apprendi* are irrelevant to a sentencing court's application of the DWE:

> *Alleyne* and *Apprendi* dealt with factors that either increased the mandatory minimum sentence or increased the prescribed sentencing range beyond the statutory maximum, respectively. Our case[, in which the court applied the DWE,] does not involve either situation; instead, we are dealing with a sentencing enhancement. If the enhancement applies, the sentencing court is required to raise the standard guideline range; however, the court retains the discretion to sentence outside the guideline range. Therefore, neither of the situations addressed in *Alleyne* and *Apprendi* are implicated.

*Buterbaugh*, 91 A.3d at 1270 n.10.

Appellant cursorily argues that this Court is not bound to follow *Buterbaugh's* reasoning because the above-quoted language was set forth in a footnote and was not pertinent to the "issue at hand" in that case. Appellant's Brief at 10. While we agree with Appellant,[2] we nevertheless find the *Buterbaugh* panel's rationale persuasive and convincing. Therefore, we conclude that the trial court's application of the DWE did not violate *Alleyne* or *Apprendi*, and did not render Appellant's sentence illegal.

In Appellant's second issue, he argues that the evidence was insufficient to support his robbery conviction.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. *Commonwealth v. Moreno,* 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. *Commonwealth v. Hartzell,* 988 A.2d 141 (Pa. Super.

_____

[2] *See Hunsberger v. Bender*, 180 A.2d 4, 6 (Pa. 1962) (finding that a statement in a prior opinion, which clearly was not decisional but merely *dicta*, is not binding precedent).

2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. *Moreno, supra* at 136.

*Commonwealth v. Koch*, 39 A.3d 996, 1001 (Pa. Super. 2011).

Appellant challenges his conviction for robbery, as defined by 18 Pa.C.S. § 3701(a)(1)(ii), which states that "[a] person is guilty of robbery if, in the course of committing a theft, he: … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" Appellant contends that because the jury acquitted him of simple assault, there could be "no robbery since there was no evidence of threat or assault from … [A]ppellant…." Appellant's Brief at 11.

Again, we disagree with Appellant. Our Supreme Court has held that "an acquittal cannot be interpreted as a specific finding in relation to some of the evidence, and that even where two verdicts are logically inconsistent, such inconsistency alone cannot be grounds for a new trial or for reversal." *Commonwealth v. Miller*, 35 A.3d 1206, 1213 (Pa. 2012). Instead, a conviction is "allowed to stand so long as the evidence is sufficient to support [it]." *Id.* at 1208 (citations omitted). Here, Appellant's threatening to kill Mr. Chelcher while placing a gun to his face reasonably placed Mr. Chelcher in fear of "immediate serious bodily injury" so as to satisfy that aspect of section 3701(a)(1)(ii).[3] *See Commonwealth v. Hopkins*, 747

_____

[3] We note that the gun Appellant used during the robbery was a "BB gun revolver." N.T. Trial, 10/21/14, at 17. However, the Commonwealth's evidence demonstrated that the gun closely resembled an actual firearm.
*(Footnote Continued Next Page)*

- 5 -

A.2d 910, 914–15 (Pa. Super. 2000) (stating "[t]he threat posed by the appearance of a firearm is calculated to inflict fear of deadly injury, not merely fear of 'serious bodily injury[,]' and thus, the "factfinder is entitled to infer that a victim was in mortal fear when a defendant visibly brandished a firearm"). Accordingly, Appellant's challenge to the sufficiency of the evidence is meritless.

Judgment of sentence affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/24/2016

_(Footnote Continued)_ ────────────────

**See id.** at 6 (Mr. Chelcher's testifying that the gun looked like a "[b]lack handgun"); **id.** at 62 (Oil City Police Officer Robert Culp's testifying that the BB gun was "modeled after" a ".44 Magnum" and "look[ed] [more] like an actual firearm" than any other "pellet pistol" the officer had previously seen). Additionally, Appellant does not argue that his use of a BB gun has any implication on the court's application of the DWE, or on the sufficiency of the evidence to support his robbery conviction.